UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WIDMAY DORVILIER,<br><br>  Defendant. | Crim. Action No. 05-0410-01<br>CKK/DAR |

**MEMORANDUM OF FINDINGS OF FACT
AND STATEMENT OF REASONS IN
SUPPORT OF ORDER OF DETENTION**

**I. INTRODUCTION**

Defendant is charged by indictment with hostage taking of a United States citizen in violation of 18 U.S.C. § 1203(a), and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). A detention hearing was conducted by the undersigned United States Magistrate Judge on January 30, 2006.

Upon consideration of the proffers and arguments of counsel and the entire record herein, the defendant was ordered held without bond pursuant to 18 U.S.C. § 3142(e). The findings of fact and statement of reasons in support of the Order of Detention follow.

**II. THE BAIL REFORM ACT**

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the

United States v. Dorvilier                                                                                                           2

community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir.), cert. denied, 479 U.S. 864 (1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir.), cert. denied, 479 U.S. 841 (1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. See 18 U.S.C. § 3142(g).

A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community arises if the judicial officer finds that there is probable cause to believe that the

United States v. Dorvilier                                                                                                                3

defendant committed an offense under 924(c) of Title 18.  18 U.S.C. § 3142(e).  An indictment is sufficient to demonstrate probable cause for purposes of 18 U.S.C. § 3142.  See <u>United States v. Vargas</u>, 804 F.2d 157, 163 (1st Cir, 1986); <u>United States v. Suppa</u>, 799 F.2d 115, 117 (3rd Cir. 1986); <u>United States v. Mosuro</u>, 648 F. Supp. 316, 318 (D.D.C. 1986).

### III.  DISCUSSION

At the hearing, the government adopted the proffers and arguments made in its Memorandum and Proffer in Support of Pretrial Detention (Docket No. 5).  Said proffer is incorporated herein.

Defendant, through his counsel,  proffered that Defendant has a cousin who resides in Florida who verified the biographical information reported by the Pretrial Services Agency, and another relative in New York.  Defendant's counsel asked that Defendant be released to the third-party custody of his cousin in Florida.

### IV.  FINDINGS OF FACT

Upon consideration of the factors enumerated at Section 3142(g) of the Act, the undersigned finds by a preponderance of the evidence that no condition of release or combination of conditions would reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition of release or combination of conditions would reasonably assure the safety of the community.  First, the nature and circumstances of the offense charged indicate that the Defendant was actively involved in an armed hostage-taking of a United States national.

Second, the undersigned finds, for the reasons proffered by the government, that the weight of the evidence against Defendant is compelling.

Third, Defendant's history and characteristics militate against pretrial release.  Of

United States v. Dorvilier 4

particular significance is that the Defendant is a Haitian citizen with no ties to this community.

Finally, for the reasons proffered by the government, the undersigned finds that Defendant's release would pose an exceedingly grave danger to the community.

The undersigned has carefully considered Defendant's limited proffer of evidence and finds, in the context of all of the evidence and finds in the context of all the evidence proffered by the parties, that it is insufficient to rebut the applicable presumptions. See United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).

## V. CONCLUSION

On the basis of the foregoing findings of fact and reasons, defendant will be held without bond pursuant to the January 30, 2006 Order of Detention.

                                                            /s/
                                         DEBORAH A. ROBINSON
                                         United States Magistrate Judge

February 13, 2006
    DATE